PEOPLE *ex rel.* McQUIEN *v.* THEATRICAL MECHANICAL ASS'N.

(*Supreme Court, General Term, First Department.* January 24, 1890.)

1. ASSOCIATIONS—EXCLUSION OF MEMBERS—BY-LAWS.
     Where the articles of a benefit society provide that "any member who shall refuse or neglect to pay all fines, dues, or contributions quarterly, and who, having been notified by the financial secretary of his indebtedness, shall still neglect or refuse, for sixty days after receiving said notice, to cancel his indebtedness, shall be dropped from the roll of membership," it has no right to drop a delinquent member from the rolls unless he has received notice of his delinquency.

2. SAME—NOTICE OF DELINQUENCY—PRESUMPTION FROM MAILING.
     Evidence that the delinquent was absent at the time the notice was mailed to his residence rebuts the presumption of its receipt by him which would ordinarily arise from the mailing of a notice to his place of residence.

Appeal from special term, New York county.

Proceeding on the relation of Donald McQuien for *mandamus* to the Theatrical Mechanical Association. An order was entered granting a peremptory writ, and relator appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Smith Tuttle*, for appellant. *Howe & Hummel*, for respondent.

VAN BRUNT, P. J. The respondent is a benefit society duly incorporated under the laws of this state. The appellant was a member of this society until July, 1888, when his name was dropped from the rolls of membership for non-payment of dues, and, as is claimed, in accordance with one of the by-laws of the association, which reads as follows: "Article II, sec. 5. That every member

signing the articles of association receive one copy of the by-laws. In case he wants another, he shall be charged 30 cents. Each member shall pay a month's dues of 50 cents; and any member who shall refuse or neglect to pay all fines, dues, or contributions quarterly, and who, having been notified by the financial secretary of his indebtedness, shall still neglect or refuse, for sixty days after receiving said notice, to cancel his indebtedness, shall be dropped from the roll without further action by the association, and the president, at the close of each and every meeting before adjournment, shall announce officially the names of such members erased from the books of the association on that date for non-payment of dues and fines, and the amount of their indebtedness, and the recording secretary shall notify the parties so dropped of the fact at once." The appellant, claiming never to have received any notice to cancel his indebtedness, made this motion for a *mandamus* to compel the respondent to reinstate him as a member. This motion was denied, and from the order thereupon entered this appeal is taken.

The fact that the appellant was in arrears as to his dues, and that the respondent had the right, and, if compliance to its by-laws has been had, was justified in dismissing him from membership, is admitted. According to the by-laws, the delinquent member has 60 days after receiving a notice of his delinquency to cancel the same. This language seems to be plain and explicit; and the association, therefore, has no right to drop a member from the rolls unless he has received notice of his delinquency.

In an ordinary case, the mailing of a proper notice, duly addressed, postage prepaid, to the place of residence of a member, would raise a presumption of its receipt, but in the case at bar it appears that the member was absent from the city of New York at the time of the mailing of the notice to his supposed address; and consequently this presumption is rebutted, and there is no evidence that he ever received the notice required by the by-laws referred to. As the right of action of the respondent depended upon the fact that this notice had been received, and as there is no proof that the appellant had received it, the dropping of the appellant from the roll of membership seems to have been unauthorized. The appellant was therefore entitled to be reinstated, and his motion should have been granted. The order appealed from should be reversed, with $10 costs and disbursements, and the motion for *mandamus* granted.